## SWALLOW ET AL. *vs.* THE STATE.

1. Ward v. The State, (p. 16) re-affirmed.
2. When the testimony offered by the State is *prima facie* evidence of the defendant's guilt, and there is no rebutting testimony, it is not error to refuse to instruct the jury that the testimony adduced by the State is not *conclusive* evidence of his guilt.
3. Where a charge as asked requires to be qualified or explained, to prevent it from misleading the jury, it may be refused.

ERROR to the Circuit Court of Pickens.

Tried before the Hon. B. W. HUNTINGTON.

Swallow et al. v. The State.

The plaintiffs in error were indicted for betting at a faro bank. The indictment is the same with that in the preceding case, Ward v. The State. The defendants demurred to the several counts of the indictment separately, and also to the whole indictment, but their demurrers were overruled. They afterwards moved in arrest of judgment, for misjoinder of counts, and for defects in the several counts; which motion was also overruled.

On the trial, as appears from the bill of exceptions, the State introduced a witness who testified, "that defendants did, within the twelve months next before the finding of the indictment, bet at a faro bank; that the betting was done with ivory checks; that he did not see either of the defendants buy the checks used by them in said game, nor did he see them draw out any money, at any time during the game, on their checks; that checks usually represented money in the game of faro; that the mode of betting was, for money to be given to the dealer, and checks to be received in lieu thereof, which checks were bet as money in the game. Being asked if checks were never bet otherwise than as the representatives of money or value, witness answered, "never, except when there was a combination between the nominal or pretended better and the dealer, to swindle somebody in the manner called 'capping.'"

Upon this state of proof the court was asked to charge the jury, that the staking of checks by the defendants was not conclusive evidence of their having bet at faro; which charge the court refused, and the defendants excepted."

A. B. CLITHERALL, for plaintiffs in error.

M. A. BALDWIN, Attorney General, contra.

PHELAN, J.—The errors assigned upon the demurrers to the indictment and the motion in arrest of judgment, are the same that are considered in the case of Ward v. The State, at the present term of the court. In that case, the indictment was held to be sufficient, and the motion in arrest of judgment to be properly overruled. We hold the same in reference to the same points presented here, and simply refer to that decision for the grounds upon which the decision is placed.

The court was asked by the defendants' counsel to instruct the jury, that the staking of checks by the defendants, in the manner described, was not conclusive evidence of their having bet at faro. Admit that it was not conclusive evidence: such evidence was not necessary. Proof *prima facie* is always sufficient, and will authorize a conviction unless rebutted. It becomes conclusive in its consequences, although we may not be authorized strictly to call the evidence which is offered conclusive evidence, that is, such, properly speaking, as admits of no contradiction by opposing evidence from the opposite party.

It was not pretended on the other side that this was conclusive evidence, and therefore it was not proper for the court to make a serious business of instructing the jury, at the instance of the defendants, that it was not. The court is not bound to annunciate a proposition of law, at the instance of a party, merely because it is abstractly correct, when to do so would rather tend to divert the minds of the jury from the real questions at issue, than serve to enlighten them upon those questions. Had the court given this charge as requested, it would have been bound, in order to prevent it from misleading the jury, to go on and explain to them that conclusive evidence, strictly so called, was not necessary in the case, and that evidence *prima facie*, such as that produced, until rebutted, was sufficient proof that the checks staked represented money or value, and therefore made the act of betting complete. It is a rule now well settled, that when the charge as asked needs to be qualified or explained, to prevent it from misleading the jury, it may be refused. Ross v. Ross, 21 Ala.

There is no error in the record, and the judgment below is affirmed.