## SALMONS *vs.* ROUNDTREE.

1. Defendant in execution agreed to pay, in compromise and satisfaction of the judgment against him, a certain sum in money and the costs of a claim suit then pending ; but when the suit was called in court the next morning, he refused to pay or to confess judgment for the costs, and denied that he had promised to do so ; the suit was not then dismissed, but at a subsequent term a trial was had, which resulted in a verdict for the claimant ; plaintiff in execution having paid the costs, and brought suit on the contract, the court charged the jury, " that if defendant, in consideration of plaintiff's entering satisfaction of the judgment, or with a view to benefit the claimant, undertook to pay said costs, and, when the cause was called up, refused to bind himself therefor, the plaintiff was entitled to recover the costs which had accrued up to the time he so refused" : *Held*, that there was no error in the charge of which defendant could complain.

2. A party cannot complain of a charge, which, when construed with reference to the evidence, is too favorable to him, or is without injury.

3. When the bill of exceptions sets out all the evidence, an erroneous affirmative charge, which is shown to be abstract, furnishes no ground of reversal.

ERROR to the Circuit Court of Madison.

Tried before the Hon. THOMAS A. WALKER.

ASSUMPSIT by Seaborn J. Roundtree against Grove Salmons, for the non-performance of an agreement to the following effect: In consideration of plaintiff's giving a receipt in full satisfaction of a certain judgment which he held against defendant, the latter promised to pay him a certain sum in money, and to pay the costs of a claim suit then pending between plaintiff and one Turner. The pleas were, *non assumpsit*, payment, no consideration, set-off, failure of consideration, and accord and satisfaction. The facts of the case are stated at length in the opinion.

BRICKELL & CABANISS, and ROBINSON & JONES, for plaintiff in error.

C. C. CLAY, Jr., and J. W. CLAY, *contra.*

CHILTON C. J.—Roundtree & Baldwin, having obtained a judgment in the County Court of Madison against Salmons, for $625 43 debt, and $92 69 costs of suit, caused an execution to issue, which was levied on certain property, which was claimed by one Turner, who put in his claim under the statute.

The proof conduced to show, that, while said claim was pending, Salmons went to one Rogers, a witness, and requested him to use his influence with Roundtree, to effect a compromise of his indebtedness to Roundtree, who was then authorized to settle the demand; the witness refused to interfere, unless Salmons would agree to pay the cost of the claim suit, which was then pending for trial in the Circuit Court of Madison, which was in session; Salmons replied, that he was willing to pay the costs; Rogers then went to Roundtree, and advised him to compromise the judgment. Thereupon Roundtree and Salmons had a settlement, but not in the presence of witness; but both parties informed the witness, that Salmons, in satisfaction of the judgment, had agreed to give Roundtree his note for $276 33, due 1st of January, 1848, to pay $300 in cash, to pay Mrs. Milly Tate $100, and to pay all the costs of the claim suit, which was to be dismissed.

Said witness, Rogers, testified, that the claim suit was reached on the docket the next morning, when Salmons refused to pay or to confess judgment for the cost of the claim suit, and denied that he had promised so to do; that Salmons admitted to witness afterwards, that he had not paid $25 of the $300 which he had agreed to pay, and that he had never paid the $100 to Mrs. Milly Tate.

It appears, that the claim suit was not dismissed, but was tried upon its merits at a subsequent term, and there was a verdict and judgment in favor of the claimant.

There was evidence tending to show, that some payments had been made upon the judgment anterior to the compromise, and that at that time the costs of the claim suit amounted to $124, but the final costs amounted to $246. The judgment of Roundtree & Baldwin had never been credited, anterior to the

compromise, with any sum. Upon the settlement, it appears that Roundtree executed a receipt to Salmons against the judgment.

This being substantially the proof, the defendant asked the court to charge the jury, that the plaintiff was not entitled to recover any part of the costs of the claim suit, if they believed that it was prosecuted after the compromise and settlement above alluded to. The court refused this charge as asked, and told the jury, "that if the defendant, in consideration of the plaintiff in execution entering satisfaction of the judgment, or with a view to benefit Turner, undertook to pay said costs, and when the cause was called up refused to bind himself therefor, then the plaintiff was entitled to recover the costs which had accrued up to the time he so refused." This refusal to charge, with the qualification given by the court, is assigned for error.

The evidence conduced to show, that Salmons had agreed to pay the cost of the claim suit; but when the case was called up next morning in court, he refused to pay it, or to confess judgment for it, and denied that he was bound to do so. We understand by this language of the bill of exceptions, that the defendant in the execution, Salmons, denied not only that he was under any obligation to confess judgment for the cost, but also denied that he was under any obligation to pay the same; in other words, that he repudiated this part of his undertaking when called on for its performance.

Now we may concede, with the counsel for the plaintiff in error, that the dismissal of the claim suit by Roundtree, and the payment of the costs thereof by Salmons, were, by the agreement as detailed by the witness, Rogers, to be cotemporaneous acts, the one dependent on the other; still, if Salmons, at the time when he was to have performed his part of the agreement, refused to do so, not because the suit was not dismissed, but on the ground that he was under no obligation or promise to pay, we think it very clear that he can take no advantage of his own wrong, and be heard to object that the suit was not dismissed. By his wrongful act he prevented the dismissal, and the most that he can claim is, that he should not be placed in a worse condition than if the suit had then been dismissed; in other words, that he should pay no more of the cost than his agreement required him to pay.

It is further objected to the charge, that the court placed the plaintiff's right to recover upon the ground that Salmons " refused to bind himself for the cost," after agreeing to pay it, &c. We understand the court to mean by this, that if the jury believed Salmons refused to acknowledge his liability to pay, or rather denied that he had promised to pay it. The charge must be construed with reference to the testimony ; and as there was no proof that Salmons had agreed to confess judgment for the cost, the reasonable inference from the bill of exceptions is, that the privilege of confessing judgment was tendered him upon his refusal of payment. Although the charge is certainly very badly worded, we must intend that the "refusal to bind himself for the cost" had reference to Salmons' denial of his promise to pay, of which there was evidence, and not to his refusal to confess judgment, which, according to the proof, formed no part of the agreement. It is further insisted, that the charge referred the consideration of Salmons' agreement to pay the cost, in the alternative, either to the satisfaction of the judgment by Roundtree, or to benefit Turner ; and that the jury may have found upon the latter consideration, which is not a good one to support Salmons' undertaking to pay the debt of another for which he was in no wise bound. In response to this objection, we need only say, that the court went beyond the proof, in making the benefit to Turner any part of the consideration, and as to that portion of the charge, it was abstract; but the proof showed that the compromise and satisfaction of the judgment and dismissal of the claim suit, the said Salmons paying the cost thereof, was the true consideration, and about this there was no conflict in the evidence ; referring the charge then to the proof, it is too clear to admit of doubt, that, although a portion of it was abstract, it could not possibly have worked any injury to the plaintiff in error. The rule is, that error and injury must concur to entitle the plaintiff to a reversal of the judgment. It results from what we have said, that there was no error in refusing the charge as asked, nor in the qualification given by the court, which can avail the plaintiff.

We come next to consider the second charge, which was, " that if, at the time of said settlement, there was only $350 due on said judgment, then the promise to pay more than that balance was without consideration and void, and the plain-

tiff could only recover that sum." This the court gave, but qualified it by saying, that, if an execution had been levied on a negro as the property of Salmons, and Turner had claimed said property under the statute, in said claim suit, then the promise of Salmons to pay the cost of the claim suit was upon a good consideration, and the plaintiff was entitled to recover the costs which had accrued up to and during the term of the court when the costs should have been paid (February term, 1847), although it amounted to more than $350. By this charge, the court appears to take a partial view of the agreement as shown by the proof, and concerning which, as we have said, there was no conflicting evidence. It was not proper to sever and divide up the consideration, making the satisfaction of the judgment the consideration for the notes and undertaking of Salmons to pay $100 to Mrs. Tate, leaving the dismissal of the claim suit the isolated consideration for the undertaking to pay the cost. On the other hand, the agreement of Salmons to pay the cost was based upon the undertaking of Roundtree both to satisfy the judgment and dismiss the claim suit; and this consideration was not only a detriment to the plaintiff, Roundtree, but a benefit to Salmons; so that, applying the rules above laid down, both the charge and the qualification were erroneous; the charge, because it allowed only a recovery for the sum due on the judgment to be satisfied, without any compensation for the detriment to the plaintiff, by reason of his dismissing the claim suit; the qualification, because it is not only abstract, as predicated upon facts outside of the proof, but as resting the right of recovery, as to the cost, upon an isolated portion of the consideration. Both the charge and qualification, however, restrict the plaintiff's right of recovery, and, when considered with reference to the proof, were too favorable for the defendant below. These errors could not have been prejudicial to Salmons, as they imposed restrictions on the plaintiff's right to recover, not warranted by the proof. We cannot, therefore, reverse on account of them.

It is supposed, finally, that the court erred in allowing a recovery for the costs which accrued during the February term of the claim suit, when it should have been dismissed. But all the proof is set out, and this does not show that any cost accrued pending the term, after it was called up and the defend-

ant below refused to pay it, or admit his liability to do so. If the bill of exceptions was silent as to the proof, as this is an affirmative charge, we should be compelled to presume that there was proof on which to predicate it, and to hold that it was fatally erroneous ; but the error is cured by its being shown to be abstract, and as it could not have misled the jury for want of facts to which they could apply it, it likewise is error without injury.

Let the judgment be affirmed.