## ROLSTON *vs.* LANGDON.

1. A purely abstract charge, which could not have misled the jury, furnishes no ground of reversal.
2. When a charge asked needs to be qualified, or explained, to prevent it from misleading the jury, it may be refused; e. g., a charge which asserts that the plaintiff, in order to avoid the bar of the statute of limitations when pleaded to an open account, must prove not only a subsequent promise, but also that it was made "with a full knowledge of all the facts."

3. When a charge is asked which admits of two constructions, one of which is calculated to confuse and mislead the jury, it may be refused.

APPEAL from the City Court of Mobile.

Tried before the Hon. ALEX. McKINSTRY.

ACTION (under the Code) on an open account for $84, due March 1, 1853, by Charles C. Langdon against John Rolston. The defendant filed several pleas, viz. :—

" 1. That he does not owe the amount of said account, never did owe it, and never promised to pay it.

" 2. That he has paid the debt for which this suit is brought.

" 3. That said account is barred by the statute of limitations, both of three and six years.

" 4. That plaintiff, at the time said summons was sued out, was indebted to him in the sum of $500, for money paid out and expended in the purchase of a buggy for plaintiff, and in divers other ways, to aid said plaintiff to be elected to Congress ; and in the further sum of $2,000, for work and labor, care and diligence, bestowed about the business of plaintiff, and for services rendered to him."

The plaintiff filed several replications to these pleas, viz. :

" 1. That the defendant does owe the account sued on, has owed it for a long time, has been dunned for it times innumerable, and has made at least one hundred promises to pay it.

" 2. That defendant has never paid said account, but has, at different times, paid on account of the same $21 50, with which he has been duly credited ; the last payment being made on the 17th February, 1852, at which time the defendant acknowledged the correctness of said account, and promised to pay it, but has never complied with his said promise.

" 3. That said account is not barred by the statute of limitations, either of three or of six years.

" 4. Plaintiff denies that, at the time said summons was sued out, he was indebted to said defendant in the sum of $500, for money paid by him in the purchase of a buggy for plaintiff, or in divers other ways expended to aid him (plaintiff) to be elected to Congress ; but, on the contrary, plaintiff believes that, by the pretended friendship of defendant, and by his pretended efforts to aid in plaintiff's election to Congress, he (plaintiff) lost one thousand votes, which being estimated at

two dollars and fifty cents per vote, plaintiff says he has sustained damage, at defendant's hands, to the amount of $2,500, independent of the account sued on. Plaintiff denies, also, that he owes defendant the further sum of $2,000, for work and labor, care and diligence, bestowed by defendant about plaintiff's business, or for services rendered by him to plaintiff; but, on the contrary, defendant has been paid in full by plaintiff, in publishing the heavy political articles written by said defendant from Baldwin county, and in publishing, at defendant's earnest request, divers effusions of what he (defendant) called poetry."

On the trial, the defendant excepted to several rulings of the court, which are thus stated in his bill of exceptions:

"To support his case, plaintiff introduced as a witness Levi Langdon, who testified, that he was, or had been, the book-keeper of the plaintiff, and that the account sued on was correct. On cross-examination, he was asked, whether he knew, of his own knowledge, that the first two items of said account were true; to which he said, he did not, of his own knowledge, but supposed they were. He was asked, also, whether he knew, of his own knowledge, that defendant subscribed for the "Daily Advertiser," for the years beginning with November 1, 1843, and running to November 1, 1849; to which he answered, that he did not, but that defendant frequently came to the desk and got a paper; that no paper had, during that time, been ordered to be left at his office or residence; and that the balance of the items were of his own knowledge. He further stated, that on the 27th February, 1852, defendant subscribed for the "Daily Advertiser," and paid ten dollars on account, and at the same time subscribed for said paper for one year from that date, the price being ten dollars; that no account was presented to defendant at the time, and nothing was said about an account, the amount, or anything about it, except that defendant paid ten dollars on the general account; that no account had previously been presented to defendant; that afterwards, to-wit, in 1853, an account had been presented to him for payment, that he did not admit it, but said that it was not just and he would not pay it; that the account sued on had never been presented to him, but he (witness) thought it was a copy (or near it) of the

one which had been presented to him. He further stated, that defendant had written several communications for the paper, which were published, &c., but he did not know whether he had been requested to do so by plaintiff.

"Daniel Langdon was then put on the stand, who testified, that he had presented an account to defendant, but defendant did not admit its correctness, nor did he promise to pay it; and that the account sued on was not the account presented. Henry Jones, who was then put upon the stand, testified, that the account sued on was made out by him from a copy which Mr. Langdon handed him. The defendant then offered some evidence, conducing to prove what would be the value of a column of matter prepared for a paper, supposing it was approved by the editor or proprietor, and was of value to them or their paper.

"The court charged the jury, among other things, that it did not make any difference whether the defendant wrote for the paper, and his communications were examined and approved by the editor, and were of value to the paper—that unless there was a request, on the part of the editor, to write them, defendant could not set them up as a set-off in this case, but, on the contrary, the editor had a right to charge for putting them in his paper; to which charge the defendant excepted."

The defendant asked the following charges:—

"1. That if the statute of limitations had perfected a bar, then, to authorize plaintiff to recover, there must be a subsequent promise, with a full knowledge of all the facts; which charge the court refused, and defendant excepted.

"2. That if an account is barred by the statute of limitations, a subsequent payment, to take it out of the statute of limitations, must be made on the account; and if no account was presented at the time, and nothing was said about an account at the time, then the payment is not sufficient to take it out of the statute; which charge the court refused, and the defendant excepted.

"3. That if defendant wrote for the paper, with the knowledge and approval of the editor or proprietor, and the communications were of value to the paper, though nothing was said at the time about payment, still the defendant is entitled to reasonable compensation therefor; which charge the court refused, and the defendant excepted."

The charge given, and the refusal to charge as requested, are now assigned for error.

WM. BOYLES, for the appellant.

J. Y. BLOCKER, *contra.*

RICE, J.—There is an agreement of counsel of record, showing that "the bill of exceptions contains all the evidence offered on the trial of this cause." This being so, it is clear that the charge given by the court is purely abstract, and could not have misled the jury. Such a charge, even if erroneous, furnishes no ground of reversal.—Salmons v. Roundtree, 24 Ala. 458 ; Magee v. Billingsley, 3 Ala. 680.

When a charge asked needs to be qualified, or explained, to prevent it from misleading the jury, it may be refused.—Swallow v. The State, 22 Ala. 20.

When a charge as asked admits of two constructions, one of which is well calculated to confuse and mislead the jury, it may be refused.—Ross v. Ross, 20 Ala. 105.

The application of these rules to this case, results in the conclusion, that there was no error in the refusal of the first and second charges as asked by appellant. The first assumes, that, to avoid the bar of the statute of limitations, the plaintiff was not only bound to prove a subsequent promise, but to go further, and prove that it was made "with a full knowledge of all the facts."—Kennon v. McRea, 7 Porter 175.

The second admits of the following construction : that when a debt is due by account, *the account* is *the debt* ; and that although there may be a subsequent partial payment of *the debt,* within less than three years before suit brought, such payment cannot remove the bar of the statute of limitations, unless it is " made on *the account.*" This objection to this charge is not removed by admitting that it admits of a different construction. See cases above cited.

The third charge is abstract, and for that reason was properly refused.

There is no error in the record of which the appellant can avail himself, and the judgment of the court below is affirmed.