# REPORTS

OF

# CASES ARGUED AND DETERMINED

## AT JANUARY TERM, 1860.

———————⚬⟜⟝⊛⟞⟝⟝⟶⟞———————

## WILLIAMS & SMART *vs.* CARPENTER & CO.

[ACTION ON PROMISSORY NOTE, BY PAYEE AGAINST MAKER.]

1. *Payment; remittance of money by mail.*—To absolve a debtor from the hazard of loss, in the transmission of money by mail to his creditor, it is necessary that the remittance should be made by the authority of the creditor, and in the manner and with the precautions prescribed by him; and this principle is not affected by the impossibility of a compliance, on the part of the debtor, with the conditions and directions prescribed by the creditor.

2. *Error without injury in charge to jury.*—The correctness of a charge to the jury, which, however erroneous, could not have prejudiced the appellant, will not be revised, at his instance, by the appellate court·

APPEAL from the Circuit Court of Calhoun.

Tried before the Hon. S. D. HALE.

THIS action was brought by Geo. W. Carpenter & Co., a mercantile firm in Philadelphia, against S. C. Williams and John Smart, and was founded on the defendants' promissory note for $530 76, ·dated the 1st August, 1854, and payable on the 19th April, 1855, with interest from the 19th October, 1854. No pleas appear in the record. On the trial, as the bill of exceptions shows, after the

plaintiffs had read in evidence the note on which the suit was founded, on which were endorsed several payments, leaving a balance of about $200 still due and unpaid; "the defendants offered evidence to show that, on the 12th April, 1855, they mailed a letter containing $200 in bank-bills, at Oxford, in Benton county, (the place of their residence,) addressed to the plaintiffs at Philadelphia, and that one of them was at that time the postmaster at Oxford;" and then read in evidence, after proving their execution, two letters which they had received from the plaintiffs, dated respectively the 3d March and the 2d April, 1855.

The following extract contains the material portions of the first of these letters : "Your esteemed favor of the 24th ult. came duly to hand, and has received our most especial attention. In answer to your inquiries, we would reply that you can send us money at our risk, in sums of one and two hundred dollars at a time, by taking the postmaster's receipt, and paying letter registered under the new post-office regulations. We have now been in business near thirty years, and are constantly, and have been during all that time, receiving money by mail, and have never yet lost a dollar. We hope, therefore, that you will commence immediately to remit to us, in these sums, so that your note will be paid by the time it falls due in April."

The second letter was in these words : "Your esteemed favor of the 29th ult. came duly to hand, enclosing one hundred dollars, which we have placed to your credit, and for which please accept our thanks. We hope you will favor us with the balance due shortly, and that we shall also receive your further orders, which will at all times meet our most prompt and especial attention."

The defendants then read in evidence the act of congress of March 3d, 1855, entitled "An act further to amend the act entitled 'an act to reduce and modify the rates of postage in the United States, and for other purposes,' passed on the 3d March, 1851," the 3d section of which act is as follows : "Sec. 3. *Be it further enacted,* That for the greater security of valuable letters posted for trans-

mission in the mails of the United States, the postmaster-general be, and hereby is, authorized to establish a uniform plan for the registration of such letters, on application of parties posting the same, and to require the pre-payment of the postage, as well as a registration fee of five cents on every such letter or packet, to be accounted for by postmasters receiving the same in such manner as the postmaster-general shall direct: *Provided, however,* That such registration shall not be compulsory, and it shall not render the post-office department or its revenue liable for the loss of such letters or packets, or the contents thereof."—United States Statutes at Large, vol. 10, pp. 641–42.

The defendants offered to read in evidence, in connection with this act of congress, a printed circular, signed by the postmaster-general, and dated the 15th May, 1855, which was proved to have been sent by the post-office department at Washington to the post-office at Oxford, and which contained instructions relative to the proper construction to be placed on the said act, but gave no directions as to the registration of valuable letters. The court excluded this evidence, on the plaintiffs' objections, both when offered separately, and when offered in connection with proof of the fact that a similar circular had been received about the same time by the postmaster at Jacksonville; and to its exclusion the defendants excepted. The defendants then offered to prove by the deputy postmaster at Oxford, and by the postmaster at Jacksonville, "that under the law of March 3, 1855, no letters could be registered in either of said offices on the 1st July, 1855; and that no letters were in fact registered in either of said offices on said 1st July, 1855." The court excluded each portion of this evidence, on the plaintiffs' objections, and the defendants excepted.

"This being all the proof, the court charged the jury, (among other things,) that under the law of the United States of March 3d, 1855, a letter could be registered at Oxford on the 14th April, 1855; to which charge also the defendants excepted," and which, with the rulings of the court on the evidence, they now assign as error.

ALEX. & JNO. WHITE, for appellants.

JAS. B. MARTIN, *contra.*

A. J. WALKER, C. J.—To absolve a debtor, who transmits money by mail to his creditor for the payment of his debt, from the hazard of loss in the transmission, it is necessary that the remittance should be made by the authority, express or implied, of the creditor, and in the manner and with the precautions prescribed by him.—Smith's Mercantile Law, 528–529; Warwicke v. Noakes, Peake's R. 67; Hawkins v. Rutt, *ib.* 186; Townsend, Crane & Co. v. Henry, 9 Rich. Law, 318; 3 Phillipps on Ev. 440–441, note 11, (last ed.); 2 Greenleaf on Ev. 429, § 525. If it is impossible for the debtor to transmit the money in the manner and under the precautionary attendant circumstances directed by the creditor, he can not make the remittance at the risk of the creditor. His authority is to remit in the manner and under the circumstances prescribed, and if he remits without pursuing the directions, he acts without authority. Like an agent, he must pursue his authority, and strictly observe its limitations and qualifications. Story on Agency, 213, § 165.

From an application of the principle above stated to this case, it must result that, if the plaintiffs only authorized the remittance to be made under certain specified precautionary observances, the defendants would not be justified in making the remittance without them, because they could not be performed.

The plaintiffs' letter of 3d March, 1855, authorizes the defendants to transmit the money by mail, at their risk, in sums of one and two hundred dollars at a time, taking the postmaster's receipt, prepaying the postage, and registering the letter under the new post-office regulations. The plaintiffs' subsequent letter of April 2d, 1855, acknowledges the receipt of a letter enclosing one hundred dollars, and expresses the hope of being shortly favored with the balance. This letter does not modify the instructions of March 3d, 1855, nor do we think that a modification of such instructions can be implied from it. It does not, in terms, authorize a remittance by mail, but

seems simply to pass it silently by as a matter previously settled.

The question, after the ascertainment of the fact that the money had been mailed, was, whether it was mailed under the precautionary circumstances directed. If it was not, the mailing of the money was at the defendants' risk, and it is totally immaterial whether the defendants could or could not have pursued the instructions given. If they could not have pursued them, they were without authority from the plaintiffs to transmit the money by mail. The evidence offered as to the instructions of the postmaster-general, and as to the impossibility of register-ing letters, pertained to a totally immaterial matter, and was inadmissible on account of irrelevancy.

[2.] The charge given could not possibly have preju-diced the defendants. If it had been the reverse of what it is, it would not have benefited them. Looking at the evidence, it is perfectly clear that, if erroneous, the charge has not prejudiced the defendants; and we would not, therefore, reverse, if upon examination we found it incor-rect.—Salmons v. Roundtree, 24 Ala. 458; Shepherd's Digest, 568–569.

Judgment affirmed.