The debtors, William E. Moseley and Loretta Moseley, appeal from a summary judgment for the creditor, First Community Bank ("the Bank"), in the Moseleys' action seeking injunctive relief against the Bank's attempted foreclosure on a mortgage covering the Moseleys' real property. We affirm.
In 1987 and 1989, the Moseleys executed promissory notes to the Bank totalling approximately $270,000. These notes were secured by mortgages on four pieces of real property owned by the Moseleys.
In 1990, William Moseley filed for and was granted protection under Title 11, Chapter 13, of the United States Bankruptcy Code. The bankruptcy plan approved for Moseley by the bankruptcy judge set out specific terms for the consolidation, reduction, and repayment of the debts owed the Bank by the Moseleys. When the Moseleys failed to comply with the repayment terms, the Bank began foreclosure proceedings.
The Moseleys sued to enjoin the foreclosure. Subsequently, they and the Bank entered into a "stipulation and agreement," which contained new repayment provisions, and the trial court, on July 26, 1993, entered a judgment, which adopted the agreement. Among other things, the agreement required the Moseleys to pay the Bank $15,000 "no later than August 31, 1993." On August 31, the Moseleys sent $15,000 to the Bank by *Page 1275 
certified mail; the Bank received the payment on September 3. The Bank then filed a motion for relief from the trial court's order on the grounds that the Moseleys had not paid the taxes on the real property and had failed to pay the $15,000 "no later than August 31."
The trial court conducted a hearing on the Bank's motion on October 5, 1993, and entered a judgment on the motion on January 31, 1994. The Moseleys appealed from the January 31 order; however, this Court remanded the cause to the trial court because "the claims for preliminary and permanent injunctive relief [had] not been adjudicated." The trial court entered a final judgment in the cause in compliance with this Court's order, and the appeal was then submitted to this Court.
The final judgment on which this appeal is based expressly provides that it is supplemented by the trial court's order of January 31, 1994. The pertinent portions of the January order and the final judgment entered on remand read as follows:
[The January 31, 1994, order]
 "This cause came on to be heard on the 5th day of October 1993, for the court to determine whether the plaintiffs were in compliance with the Stipulation and Agreement entered in open court between the parties on the 26th day of July 1993.
". . . .
 "1. . . . William E. Moseley failed to pay the defendant First Community Bank the sum of fifteen thousand dollars ($15,000) no later than August 31, 1993. Instead, the sum of fifteen thousand dollars ($15,000) was paid to the defendant on the 3rd day of September 1993, which was not in compliance with the said Stipulation and Agreement entered in open court on July 26, 1993.
 "2. . . . [A]s of the date of the hearing . . . plaintiffs owed defendant the sum of one hundred ninety-eight thousand two hundred thirty-nine and 78/100 dollars ($198,239.78). . . ."
". . . .
 "It is, therefore, ORDERED by the court as follows:
". . . .
 "That the remainder of the Stipulation and Agreement entered into by and between the parties on the 26th day of July 1993 be complied with forthwith by the plaintiffs and the defendant."
[The final judgment entered on remand]
 "It is, therefore, ORDERED . . ., pursuant to Rule 54(b) of the Alabama Rules of Civil Procedure, . . .
 "That . . . the plaintiffs' [request] that the defendant be preliminarily and permanently enjoined from foreclosing on the . . . real properties of the plaintiffs [is] denied.
 "That the defendant be allowed to proceed with the foreclosure and/or foreclosures, in a timely manner, . . . and that the defendant pay into court, for the benefit of the plaintiffs, any and all sum and/or sums its receives from said foreclosure and/or foreclosures, which said sum and/or sums exceed the amount [required] to satisfy the indebtedness owed by the plaintiffs to the defendant in accordance with this Court's order dated the 31st day of January, 1994."
The sole allegation of error raised on appeal is that the trial court erred in holding that the Moseleys failed to meet the August 31, 1993, deadline for paying $15,000 to the Bank. While these parties share a long and convoluted history of financial dealings, the alleged default in payment that gave rise to the issue here presented occurred when the debtors failed to comply with the literal terms of the parties' stipulation and agreement that had been adopted by the trial court as its judgment in the Moseleys' underlying action to enjoin foreclosure.
The Moseleys ask this Court to hold that compliance with payment deadlines is to be determined according to the "mailbox rule" that applies to other types of deadlines. In support of their argument, the Moseleys make three points:
1. A "mailbox rule" applies in contract law in determining time of offer and acceptance. *Page 1276 
In J.R. Watkins Co. v. Hill, 214 Ala. 507, 508, 108 So. 244
(1926), the Court held, "When a contract is made or [an] unqualified proposal [is] accepted by the letter of the promisor, it is complete and takes effect the moment the same is deposited and duly posted in the post office." In accord is 17 Am.Jur.2d Contracts § 48 (1964).
2. Rule 25, Ala.R.App.P., allows filings in the appellate court to "be accomplished by mail" and provides that papers sent to an appellate court by "certified, registered, or express mail of the United States Postal Service" are "deemed filed on the day of mailing."
3. Ala. Code 1975, § 40-1-45(a)(1), provides that a tax return is deemed "filed" on the date shown by the postmark.
The Moseleys argue that the trial court's ruling that their $15,000 payment was untimely should be reversed because, they say, "there is sufficient legal precedent to extend the 'mailbox rule' rationale to [this] fact situation."
The Bank counters by quoting from Am.Jur.2d and C.J.S.:
70 C.J.S. Payment (1987)
"§ 7. Time
". . . .
 "Where payment by mail is authorized, the mailing of a properly addressed letter including remittance with postage prepaid on the last day for payment is timely."
(Emphasis added.)
"§ 9. Remittance by Mail or Other Carrier
". . . .
 "Payment is not effectuated by sending the amount due to the creditor by mail or other public carrier until the remittance gets into the hands of the creditor, unless he expressly or by implication directs or consents that payment be so made, or such mode of payment is according to the usual course of dealings between the parties, from which the creditor's assent can be inferred."
(Emphasis added.)
60 Am.Jur.2d Payment (1987)
"§ 27. Mailed remittances; transmittal
 "An obligor does not discharge his obligation merely by making all reasonable efforts to transmit to the obligee the amount due him. An obligor cannot choose his own payment method, even if he selects the United States mails or other public carrier. Therefore, depositing in the mail a letter containing money and addressed to the obligee does not discharge the obligation if the remittance is not received by the obligee, unless the obligee has expressly or by implication directed or consented that payment be so made."
Although we find no recent cases dealing with this specific issue, we note that an older, but analogous, Alabama case has never been overruled. In Williams Smart v. Carpenter Co.,36 Ala. 9 (1860), the defendants mailed a payment on a promissory note to the plaintiffs. The Williams Court held:
 "To absolve a debtor, who transmits money by mail to his creditor for the payment of his debt from the hazard of loss in the transmission, it is necessary that the remittance should be made by the authority, express or implied, of the creditor, and in the manner . . . prescribed by him. If is is impossible for the debtor to transmit the money in the manner . . . directed by the creditor, he can not make the remittance at the risk of the creditor. His authority is to remit in the manner and under the circumstances prescribed, and if he remits without pursuing the directions, he acts without authority."
36 Ala. at 12 (citations omitted).
An analogous principle in Alabama law is found in Title 7 of the Alabama Code of 1975, Article 3, dealing with "Commercial Paper." Section 7-3-504 governs the method of "presentment" of commercial paper; it provides:
 "(1) 'Presentment' is a demand for acceptance or payment made upon the maker, acceptor, drawee or other payor by or on behalf of the holder. *Page 1277 
"(2) Presentment may be made:
 "(a) By mail, in which event the time of presentment is determined by the time of receipt of the mail; . . . ."
Apart from the indirect legal authority in favor of the Bank, there is also the undisputed fact that, on July 26, 1994, the Moseleys were given approximately five weeks' notice of the August 31, 1994, due date for the $15,000 payment. Further, the record does not suggest any prior agreements between these parties that would have allowed the Moseleys to justifiably rely on the mail as a proper method of getting their payments to the Bank.
The trial court properly entered the Bank's summary judgment. We affirm.
This opinion was prepared by retired Justice RICHARD L. JONES, sitting as a Justice of this Court pursuant to §12-18-10(e), Ala. Code 1975, and it is hereby adopted as that of the Court.
AFFIRMED.
MADDOX, SHORES, HOUSTON, STEAGALL and INGRAM, JJ., concur.