## ` HALL, WEEKS & Co. v. DARRINGTON.

1. A promise by one of two administrators to pay the debt, is sufficient to take the case out of the statute of limitations, when the action is against him only, after the decease of his co-administrator.

Error to the Circuit Court of Clarke.

ASSUMPSIT by J. Hall, Weeks & Co. against Darrington, as the administrator of one Mattison, upon promises of the intestate in his lifetime. The defendant, with other pleas, pleaded the statute of limitations; to which the plaintiff replied a subsequent promise by the administrator within six years. At the trial, the plaintiffs put in evidence tending to prove the account sued for was made in 1835; that the intestate died in 1836, and that on the 5th of May, 1838, the defendant, as administrator, paid the plaintiff one hundred dollars, on the account, and then promised to pay the remainder. It was shown, that letters of administration were granted to the defendant and one Murphy, in September, 1836, and that Murphy died in 1841.

The court charged the jury, that a promise by the defendant alone, when there was a co-administrator, would not take the case out of the statute of limitations, and that the promise under the circumstances disclosed by the proof, would not take the case out of the statute of limitations.

The plaintiffs excepted to this charge, and now assign it as error.

E. W. PECK, for the plaintiffs in error, insisted, this case was distinguishable from Caruthers v. Mardis' adm'r, 3 Ala. Rep. 599, as here, the action is against a sole administtator, and there it was against two. He submitted that the rule declared in that case, applies only to the admission by the administrator, of the cause of action, and not to one which

prevents the statute from running. [Forsyth v. Hanson, 5 Wend. 658; Hammon v. Hantley, 4 Cowen, 493.

F. S. BLOUNT, contra, argued, the rule was general, that the acknowledgement of an administrator, of a debt due from his intestate, will not remove the bar of the statute; and cited Thompson v. Peters, 12 Wheat, 565; Caruthers v. Mardis, 3 Ala. Rep. 597; McBroom v. Governor, 6 Porter, 32; Atkins v. Tredgold, 2 B. & C. 23; Slater v. Lawson, 1 B. & A. 396; 2 Lomax on Ex. 410, 421; Tulluck v. Dunn, 21 E. C. L. 416.

GOLDTHWAITE, J.—In Caruthers v. Mardis' adm'r, 3 Ala. Rep. 599, the action was against two administrators, and we held the promise of one to pay the debt, was not sufficient to prevent the operation of the statute of limitations. The reason given in the books is, that one administrator has not the power to bind those connected in the administration so as to make them responsible for a *devastavit*. It is a mistake to suppose the case of Tulluck v. Dunn, R. & M. 416, is the only one in which this doctrine is recognized. In Elwell v. Quash, Strange, 20, one of three executors gave a warrant of attorney to confess a judgment against himself and his co-executors, upon which the party entered a judgment against him *de bonis propriis* and against the others *de bonis testatoris*. This was afterwards set aside as irregular for the reason before stated. Whether upon a joint suit against all the executors, a several judgment may not be had against one of them, was not then decided, though it seems to have been so held in a case then cited, Baldwin v. Church, 10 Mod. 323. Whether there is or not any mode by which one administrator can be made liable upon his several promise—a matter we are not called on now to determine—it is very clear the rule is not for his exemption, but is entirely personal to those who are joined with him. There is no question, we presume, but that a sole administrator may bind the assets of the estate he represents, by a promise to pay a debt barred by the statute, and we can perceive no reason why the same consequences should not flow from his prom-

ises made pending a joint administration, if afterwards he be-
comes the sole representative of the estate.

This conclusion involves the reversal of the judgment of
the court below, as the charge is not consistent with it.

Reversed and remanded.