## ROSS (CREDITOR) *vs.* ROSS (ADM'R.)

1. A written instrument in the following form, viz: "This day received of R. two hundred and twenty dollars, for the payment of which by the 25th Dec'r. next, I hereby assign over to said R. the free and full title to a certain negro girl named Hulda," is a mortgage of the slave, and not a bill of sale.

2. In the absence of an express stipulation to the contrary, the mortgagor is entitled to retain possession of the mortgaged property until the law day, and he has the right to vindicate this possession against all persons who unlawfully withhold it; it is also his duty to look after the property, and if a loss occurs in consequence of the negligence of any one in looking after it, the loss must fall upon the party primarily guilty of the negligence, viz: the mortgagor.

3. The case of Ross (Creditor) vs. Ross (Adm'r.), 20 Ala. 105, re-affirmed.

ERROR to the Court of Probate of Randolph.

This was a contest before the Court of Probate, concerning the validity of a certain claim filed by Frederic Ross, the plaintiff in error, against the estate of Andrew Burnham, deceased, which had been duly declared insolvent, and of which said Ross was administrator *de bonis non.* The contest was carried on, under the statute, between said Ross as plaintiff, and himself as administrator *de bonis non* as defendant, defending in behalf of James Pearson, an objecting creditor.

Pearson objected to the claim of Ross, because it was not on file on the last day allowed for filing claims against said estate, at which time he demanded an inspection of it. But his objection was overruled, as it appeared that the claim

had been filed in time, and had afterwards been temporarily withdrawn, by permission of the judge of probate. The facts relating to the withdrawal of the claim are identical with those of a previous case between the same parties, decided at the last January term, and reported in 20 Ala. 105.

The parties went to trial on the validity of the claim, it being agreed between the counsel, that a declaration and all other pleadings applicable to the case should be considered as filed. The claim preferred by Ross was an instrument of writing, of which the following is a copy, viz:

"The State of Alabama, Randolph County;

This day received of Frederic Ross two hundred and twenty dollars, for the payment of which, by the 25th Dec'r. next, I assign over to said Ross the free and full title to a negro girl, named Hulda. November 13, 1844.

(Signed)    Andrew Burnham.

Thomas Dothard."

which instrument was shown to have been made by Burnham on the day of its date, and delivered to Ross. The circumstances under which it was given, were as follows:

One Finley had recovered a judgment against Burnham for $550, and an execution issued thereon had been levied on said slave Hulda. To prevent the sale of the slave under the execution, Burnham borrowed about $225 from one McKee, and gave him a lien on the slave to secure its re-payment. McKee soon afterwards demanded the re-payment of the money, and Burnham borrowed the amount from one Thomas Dothard to pay him, at the same time giving Dothard a lien on the slave. Dothard soon after demanded the re-payment of his money, and Burnham then borrowed $220 from said Ross, with which he paid Dothard, and gave Ross the instrument above set forth; but the slave never was in the possession of Ross.

"There was also proof that, a short time before Burnham's death, and while he was sick, Ross went to him, and told him that Mr. Montgomery, an attorney, had informed him that the instrument which he held was not a demand for the payment of money, but a claim or bill of sale for the title to a slave; that Burnham took the paper, and, after reading it

over, stated, that he owed Ross the money mentioned therein, for he knew Ross had never got the slave Hulda."

There was also proof that, the day after Burnham paid McKee the money which he got from Dothard, one Christie, as the agent of Burnham, sent one Foye to Cobb & McKee's, where said slave then was, for the purpose of getting her; but Foye did not succeed, and she was never put in the possession of Ross.

"The counsel for the contesting creditor asked the court to charge:

1. That if a loss had occurred to any person, the bill of sale vested the legal title to the slave in Ross, and that he should bear it, and that the purchase money in the bill of sale was not a legal claim against the estate of Burnham;

2. That the admission of Burnham in the conversation aforesaid, was not a sufficient acknowledgment or promise; and that it was not upon a consideration that would make the bill of sale a valid claim against the estate of Burnham."

The court refused each one of these charges, and to each refusal Pearson excepted, and now assigns them for error.

FALKNER, for plaintiff in error.

HEFLIN, contra.

PHELAN, J.—The instrument made and delivered by Burnham to Ross, on the 1st November, 1844, is a mortgage of the slave Hulda mentioned in it, and not a bill of sale. It is manifestly intended only to secure to Ross the repayment of the money received by Burnham on the day mentioned, to-wit: December 25th, next following the date of the instrument, by a lien on the property.

In the absence of an express stipulation to the contrary, Burnham was entitled to retain possession of the slave so mortgaged until the law day, December 25, 1844; and he had the right to vindicate this possession against all persons who unlawfully withheld the slave, whether it was McKee, a prior mortgagee, whose debt had been satisfied, or even against Ross himself. If the agent of Burnham, who went after the slave to McKee's, failed to get her, it was the business of

Burnham to look more diligently after her. As against McKee, or any other person, Ross may have done the same thing, it is true, but it was the business of Ross himself before all others. If a loss occurred, in consequence of the negligence of any one in looking after the slave, the loss must fall upon the party primarily guilty of the negligence, and that was Burnham, the owner.

As this point settles the right of Ross to sue for the money which he advanced, upon the written instrument itself, it is needless to inquire what effect is to be given to the subsequent admissions of Burnham, that he owed Ross the money, and that Ross had never got possession of the slave.

The objection offered to this claim, that it was not filed in time, is made upon precisely the same state of facts presented in another case between the same parties, which was before this court at the last term, 20 Ala..105. We there held that the objection was properly overruled, and we shall follow that decision in this case.

Under the view we take, the charges asked of the court were properly refused; and the judgment is affirmed.