## PITTS *vs.* WOOTEN'S EXECUTORS.

1. Where several co-executors qualify and give bond, a promise by the sole acting executor, who has the possession and control of the entire estate, will not remove the bar of the statute of limitations and revive the debt against the estate.

ERROR to the Circuit Court of Russell.
Tried before the Hon. ROBERT DOUGHERTY.

ASSUMPSIT by Wm. W. Pitts against Benjamin Wooten and Samuel Crowell, as executors of William Wooten, deceased, on an open account; the pleas were, the general issue, and the statute of limitations of three and six years. On the trial, the plaintiff proved the testator's indebtedness on the account, which, upon its face, was barred by the statute of limitations; that both of the executors qualified, and gave bond, but that Crowell was the sole acting executor, and had the possession and control of the entire estate; that while acting as such, and within three years before the commencement of this suit, said Crowell admitted the correctness of said account, and promised to pay it.

The court charged the jury, that Crowell's promise, as shown by the evidence, would not take the case out of the statute of limitations; to which charge the plaintiff excepted, and thereupon took a *non-suit.* The charge of the court is now assigned for error.

BELSER & RICE, for plaintiff in error.
GEO. D. HOOPER, *contra.*

GOLDTHWAITE, J.—That the personal representative may revive a debt barred by the statute of limitations, by a promise to pay, is a settled question in this court.—Hall v. Darrington, 9 Ala. 502; Towns v. Ferguson, 20 *ib.* 147. In Caruthers v. Mardis, 3 Ala. 599, it was held, that a promise by one of two administrators would not take the case out of the statute, where the action was against both.

In the present case, the evidence shows, that the executor who made the promise had, at the time, the entire control and possession of the estate, and was the sole acting executor, although the others had qualified and given bond as such ; and it is supposed, that these facts distinguish it from the case last cited, and bring it within the influence of Hall v. Darrington, *supra*. That case, however, rested upon the fact, that the administrator making the promise was the sole representative at the time the promise was sought to be enforced against the estate. Here there were other executors ; the assets might come into their hands ; and if the promise revived the debt against the estate, it would bind it as well in their hands, as if in the posssession of the executor who revived it. We know of no way, where there are two administrators in the State, of rendering a judgment against one, which would bind the assets in the hands of both ; which must be done, if the effect of the promise by the one is to revive the demand against the estate.— That the judgment could not be rendered against both the representatives, upon the mere promise of one, is clear, as the judgment would operate as an admission of assets against each, and thus might render the one who did nothing responsible. We concede, that if one executor contributes, in any way, to a wasting or misapplication of assets by the other, he would be liable.—Will. Ex. 1292. The admission of assets by one could not operate as an admission by the others, unless, by assenting to it, they participated in the act ; and the fact that one executor was in possession of the assets, and attended solely to the business of the estate, is no evidence that his co-executors assented to an admission of assets made by him.

Under these circumstances, there was no error in the charge, and the judgment is affirmed.