## STRICKLAND'S ADM'R *vs.* WALKER.

[ASSUMPSIT ON PROMISSORY NOTE, BY PAYEE AGAINST MAKER.]

1. *Statute of limitations; subsequent promise or acknowledgment.*—To revive a debt barred by the statute of limitations, the subsequent *promise, or acknowledgment,* must be clear and explicit; but it is not necessary that the *evidence,* by which that promise or acknowledgment is established, should be clear and explicit.

APPEAL from the Circuit Court of Tallapoosa.
Tried before the Hon. ROBERT DOUGHERTY.

THIS action was brought by William Towns, as the administrator of the estate of Silas Strickland, deceased, against John Walker and Joshua Strickland ; was founded on the defendants' promissory note for $1,000, dated the 26th December, 1843, and payable one day after date, to said Towns, administrator, &c. ; and was commenced on the 10th day of March, 1852. The defendant Strickland not being served with process, a discontinuance was entered as to him ; and the action was revived, before the trial, in the name of Allen Eiland, as the administrator *de bonis non* of Silas Strickland. The defendant Walker pleaded, among other things, the statute of limitations of six years; and issue was joined on that plea. The note, which was read in evidence on the trial by the plaintiff, had a credit of $204 34 endorsed on it, dated the 1st January, 1851, and signed by said Towns, as administrator. The plaintiff's evidence tended to show, that this credit was entered, with the consent of the defendant Walker, on a settlement of accounts between him and said Towns, and was written by one Wheaton ; while the defendant's evidence conduced to show, that he never assented to the entry of the credit. The court charged the jury—

"1. That the assent of the defendant Walker, to the entry of the credit on the note, must not rest upon mere

probabilities ; but, before the plaintiff can recover, he must satisfy the jury, by evidence clear and explicit, that Walker did consent to the entry of said credit ; and if the plaintiff has failed to satisfy their minds on this point, they will find for the defendant.

"2. That the administrator of Silas Strickland can only recover upon a demand which was assets of the estate of said Silas when this suit was brought ; and if there is no proof that the note sued on belonged to said estate at the time it was brought, the plaintiff can not recover."

These charges, to which the plaintiff excepted, are now assigned as error.

S. F. RICE, with CLOPTON & LIGON, for appellant.
GEO. W. GUNN, contra.

STONE, J.—The first charge given and excepted to in this case, asserts that, to revive a debt barred by the statute of limitations, the promise or acknowledgment must be proved by *evidence* that is *clear* and *explicit*. We have duly weighed this language, in connection with the authorities, and feel constrained to pronounce it erroneous. The promise, or acknowledgment, must be clear and explicit. No doubtful, ambiguous, or indeterminate language will avail. It must be, in its terms, unequivocal and determinate. If it be a promise, it must be an unequivocal promise ; if an acknowledgment, that acknowledgment must go the length of admitting the present existence of a debt, which the party is willing to pay. These principles are fully settled, in this State, by numerous adjudications.—*Ross v. Ross*, 20 Ala. 105 ; *Townes v. Ferguson, ib.* 147 ; *Bryan v. Ware, ib.* 687 ; *Moore v. Lesueur*, 18 Ala. 606 ; *Boxley v. Gayle*, 19 Ala. 151 ; *Pool v. Relfe*, 23 Ala. 701 ; *Pitts v. Wooten*, 24 Ala. 474 ; *Jordan v. Hubbard*, 26 Ala. 433 ; *Rolston v. Langdon*, 26 Ala. 660 ; *Evans v. Carey*, 29 Ala. 99 ; *Bell v. Morrison*, 1 Pet. S. C. 360.

But there is a wide difference between *the promise*, or *acknowledgment*, and the *evidence* by which that promise or

Strickland's Adm'r v. Walker.

acknowledgment is made to appear. The former, no matter how clearly it be proved—even though it be in writing—is not sufficient, if its terms be equivocal or indeterminate. But there is no rule which requires that the proof of such promise shall be different in measure, or more strict than that which is required to establish any disputed fact in a civil suit. Evidence which satisfies the minds of the jury, is enough.

We suppose the circuit court was misled by an inaccurate expression found in the opinion in the case of *Bell v. Morrison*, *supra*, and copied by Mr. Greenleaf, in his work on Evidence, 2d vol. § 440. The language of the court in that case was, that "whenever the bar of the statute is sought to be removed by proof of a new promise, the promise, as a new cause of action, ought to be proved in a clear and explicit manner." The point in the case of *Bell v. Morrison* was on the sufficiency of the *promise*, and not of the *evidence* by which that promise was proved. The meaning of the court must have been, that the promise should be clear and explicit. Thus construed, it harmonizes with the weight of the American and the later English decisions, and with the analogies of the law.—See authorities *supra*; and *Bangs v. Hall*, 2 Pick. 368; *Gardiner v. Tudor*, 8 Pick. 206; *Cambridge v. Hobart*, 10 Pick. 232; *Mount Stephen v. Brook*, 3 B. & Ald. 141; *Tanner v. Smart*, 6 B. & Cress. 603.

It is not our purpose to criticise the 2d charge given. See *King v. Griffin*, 6 Ala. 387; *Harbin v. Levi*, *ib.* 399; *Spence v. Rutledge*, 11 Ala. 590; *Barron v. Vandvert*, 13 Ala. 232.

The judgment of the circuit court is reversed, and the cause remanded.