No. 9485.

## MUSSELMAN v. WISE.

PLEADING.—*Complaint Must Show Debt Due.*—A complaint in the circuit court, charging that the defendant *owes* the plaintiff the price of an article sold, does not show that the debt is *due.*

SAME.—*Answer.—Rescission of Contract.*—In an action for the price of a reaper sold by plaintiff to defendant, an answer that, upon trial, the machine failed to work, and that, upon notice of the fact, the plaintiff agreed with the defendant to come and take it back, shows a voluntary rescission of the contract, and is good.

WARRANTY.—*Contract of Sale, Coupled with Warranty by Third Party.*—A contract for the sale of a reaper by A. to B., which reserves to B. the benefit of an endorsed warranty by C., in which it is stipulated that the machine shall be taken back if defective, and the purchase-money refunded, may, in a suit by A. to recover the contract price, be enforced in respect to such warranty, as if signed by A.

SAME.—*Evidence.—Endorsement.—Meaning of Term.*—A complaint upon a contract of sale, which refers to a warranty as *endorsed* thereon, may be proven by a contract followed by the warranty upon the face of the paper on which the contract is written.

PRACTICE.—*Evidence.—Admissions in Pleadings.*—The defendant in an action need not prove facts alleged or admitted in the complaint; and if he does put in evidence the contract sued on and set out in the complaint, it is not error of which the plaintiff may avail himself.

SAME.—*Judgment Non Obstante.*—If one of several paragraphs of an answer be good, a motion by the plaintiff for judgment *non obstante* can not prevail.

SUPREME COURT.—*Immaterial Error.—Instruction.*—A judgment will not be reversed for an erroneous instruction, if, upon undisputed evidence, the verdict is right.

From the Carroll Circuit Court.

*J. Applegate,* for appellant.

*B. B. Daily,* for appellee.

WOODS, J.—The appellant moved for judgment upon his complaint, notwithstanding the verdict for the defendant, and now insists that the motion ought to have been sustained.

The complaint is in two paragraphs, the answer in four paragraphs, and the reply a general denial. The appellant had demurred to each paragraph of the answer, but withdrew the demurrer before it had been ruled on.

The first paragraph of the complaint charges that on the day of its date the defendant made with the plaintiff the following contract in writing, to wit:

"CAMDEN, May 9th, 1878.

" I have this day bargained with Aaron Musselman for one of the Marsh No. 4 reapers and mowers, to be shipped to Camden on or before June 10th, 1878, for which I agree to pay the sum of $140 in manner as follows: Cash, August 1st, 1878, * * * and agree to make settlement as above stated upon delivery of the machine, reserving, however, the full benefit of the warranty herein endorsed.      ISAAC WISE.

" Warranty for reaper and mower.  The Marsh No. 4 machine is warranted to cut, if properly managed, one acre per hour or ten to twelve acres per day, either grain or grass, in a workmanlike manner, with a pair of good horses.  The purchaser is allowed to cut five acres of grass and also five acres of grain on trial, and in case anything proves defective, due notice must be given to us or to our agent and time allowed to send a person to put it in order.  If it does not work after this, and the fault is in the machine, it will be taken back, or that part of it which proves defective, and will be replaced, or the money refunded.  It is also warranted to be made of good material, and, when properly used, not liable to get out of order.      JAMES S. MARSH."

That said machine was duly shipped to and received by the defendant, who, though thereunto demanded, refused to execute said contract or to pay the price of the machine, now due and wholly unpaid.

In the second paragraph the plaintiff alleges, " That said defendant owes him $140, and interest on said sum from August 1st, 1878, for one Marsh No. 4 reaper and mower sold and delivered by plaintiff to him on the 10th day of June, 1878; wherefore," etc.

It has been held—*Mayes* v. *Goldsmith*, 58 Ind. 94—that an averment in a complaint before a justice of the peace, that the defendant " is indebted " for goods sold, a bill of particulars

of which is set out, is equivalent to an allegation that the demand was due; but we know of no case which holds it sufficient to aver that the defendant "*owes*" the plaintiff the price of an article named. To owe, in such a connection, means simply "to be obliged or bound to pay," and applies as well to an immature as to an overdue obligation.

It is clear, therefore, that the plaintiff was not entitled to judgment on the second paragraph, even though it were conceded that the answers thereto were fatally defective.

It is also clear that if any paragraph of the answer is good, the motion for judgment *non obstante* was properly overruled.

The third paragraph, addressed to the entire complaint, and the fourth, addressed to the first paragraph of the complaint, each show the failure of the machine to work upon proper trial, and that upon notice of such failure the plaintiff agreed to come and take it back. This was a voluntary rescission of the contract, and, of course, a good defence to the action.

The appellant next complains of the overruling of his motion for a new trial.

The causes stated in the motion are:

1. The verdict is contrary to law, and not supported by the evidence.

2. Error of law, etc., in permitting the defendant to read in evidence the warranty executed by Marsh, and in giving instructions Nos. 1 and 2 each.

The second instruction given was this:

"Under the issues made by the parties, if you find that the defendant gave the machine a fair trial, with a pair of good horses, and, after cutting five acres of grain, the machine proved defective and did not cut the grain, when properly managed, in a workmanlike manner, and if the plaintiff or James S. Marsh was then notified by the defendant of such defects in the machine, and he or Marsh failed or refused to put the machine in order, or having attempted to put it in order, the machine did not thereafter work as specified in the warranty, and the defect was the fault of the machine, and the defend-

ant then offered to return the machine to the plaintiff or to Marsh, which he or Marsh refused to take, then the plaintiff can not recover. But if the defendant did not notify the plaintiff or Marsh of the alleged defect in the machine, and still keeps the possession of it, then the defendant is liable. If the machine is of any value, and the defendant retains it, and has not given the notice required in the contract, the plaintiff is entitled to recover."

Much stress has been laid upon the admission in evidence of the warranty mentioned.

It is said that it does not purport to be a warranty of the machine sold by the appellant to the appellee; that it is not *endorsed* on the agreement signed by the appellee, but is found below that agreement on the same face of the paper, and distinctly separated from that agreement by the printer's rules and lines; and that it is the contract of a third person, which can not be set up against the appellant.

It would be a sufficient answer to these objections, that the warranty is set up in the complaint; and, for whatever it signified, the appellee was entitled to the full benefit, without putting it in evidence. The formal reading of the paper in evidence was surperfluous and immaterial, and therefore can not be deemed an available error.

We may say, however, that we deem it clear that this warranty is the one referred to in the contract signed by the appellee; and that the word *endorsed*, as used in that contract, is not to be understood in its literal sense. See *Keller* v. *Williams*, 49 Ind. 504.

Conceding, without deciding, that, in so far as this warranty creates or evidences a liability to respond in damages for any breach of it, it is the contract of a third party and can not be made the basis of an action or defence against the appellant, yet it is clear that in so far as it provides for the taking back of the machine, or of defective parts, and the replacing thereof, or the refunding of the purchase-money, its terms are meaningless, unless binding upon the appellant.

The contract sued on expressly reserves to the maker the full benefit of the warranty endorsed, and, in the respects indicated at least, the holder of the instrument can not enforce it in disregard of the stipulations so referred to and made a part of it.

As this is the turning point in the argument that the verdict is not sustained by the evidence, that subject need not be considered further. The same is true of the objections made to the court's first instruction to the jury.

It is claimed that the second instruction is of obscure and uncertain meaning; that it asumes certain facts to have been proved of which there was no proof; as, for instance, that the appellant was agent for Marsh; and that it erroneously assumes the legal proposition that notice of defects given to Marsh, and the failure of Marsh to put the machine in order, could be material; that there was no evidence of notice to Marsh, or of any failure on his part, and hence nothing about such notice or failure should have been put in the instruction.

Some of these objections are, perhaps, not without force and pertinency. Nevertheless, we do not think the judgment should be reversed on account of this instruction. The evidence is in the record, and there is no conflict in it. The defendant testified in his own behalf, and no opposing evidence was offered, that the appellant assisted in putting the machine together, and, being present to see it tried, then and there admitted that it did not work well; and afterwards, on being notified by the appellee of its failure to do satisfactory work, insisted that appellee should try it further, and proposed a reduction of price; that appellee did try it further, and then informed the appellant that he would not hitch on to it again. The appellant then made some alterations in it for the purpose of remedying the defects, but the appellee did not use it again; and in the following spring, at Camden, "the plaintiff said he would take the machine away." This so clearly and unequivocally establishes the rescission of the

·contract, as alleged in the answers, that the correctness of the verdict is put beyond dispute, whatever errors in other respects may be claimed.

Judgment affirmed.