DOROTHY M. GOLDWEBER, ASSIGNEE OF MISSOURI PAINT AND VARNISH COMPANY, PLAINTIFF, v. WILLIAM J. CALLAHAN, DEFENDANT.

Argued November 8, 1923—Decided February 19, 1924.

On motion to open judgment entered by default.

Before Justices KALISCH and KATZENBACH.

For the plaintiff, *Joseph M. Goldweber.*

For the defendant, *Cole & Cole.*

PER CURIAM.

This case is before us on a rule to show cause why a judgment entered herein should not be set aside and the defendant permitted to file an answer.

On September 4th, 1923, the defendant was served with a summons and complaint in this suit. On the second page of the complaint there was a notice to the defendant that he must file an affidavit of merits within ten days after service upon him if he desired to make a defense and that if he failed to file an affidavit of merits within ten days judgment by default would be entered against him.

The defendant, in his deposition, says that he read merely the summons upon the first page, which required an answer to be filed within twenty days, and did not turn to the second page of the complaint, which contained the notice with reference to the filing of an affidavit of merits.

The defendant was served in Atlantic City. He went to Philadelphia. His wife, on September 18th, 1923, took the summons and complaint to his attorneys, who had represented him in a previous suit upon the same subject-matter.

In the meantime judgment had been entered against the defendant for failure to file an affidavit of merits. There-

upon the rule in this case was granted. Depositions have been taken under the rule.

In order to open a judgment it must be shown that there is a meritorious defense. The testimony of the defendant is that the material, for the price of which the suit was brought, was worthless; that he lost by its purchase $1,800, as it was necessary to reroof the portion of the building upon which the material, a liquid roof cement known as "Sealaleak," was used; that it had been sold to him under a guarantee. The guarantee is produced. It is, however, to the effect that if the roofing material fails to give perfect satisfaction for ten years the maker, Missouri Paint and Varnish Company, assignor of the claim sued on, will furnish the user, without charge, a sufficient quantity of the same material to keep the surface in waterproof condition until the ten years has expired, provided the original invoice must have been paid in full.

As this suit is for the original invoice, the defendant is not in a position to claim under the guarantee. He puts forward no defense other than that under the guarantee. We have, therefore, reached the conclusion that the defendant presents no meritorious defense.

The defendant contends, secondly, that because the notice relating to the filing of an affidavit of merits was not placed upon the back of the summons and complaint no judgment could be entered against him for failing to file an affidavit of merits. Rule 77 of the Supreme Court rules provides that judgment can be taken within ten days after personal service, if an affidavit of merits be not filed, "provided the notice be endorsed on the complaint and on the copy served that if the defendant intends to make a defense he must file an affidavit of merits within ten days," &c.

The contention of the defendant's counsel is that endorsement means upon the back. While "endorsed" literally means on the back, we think that this is too restricted an interpretation of this rule. It has been held that where a payee wrote his name under that of the maker, instead of putting it on the back of the promissory note, that it was a

good endorsement. *Haines* v. *Du Bois*, 30 *N. J. L.* 262. In *Musselman* v. *Wise*, 84 *Ind.* 251, it was held that a complaint upon a contract of sale which referred to a warranty as endorsed thereon could be proven by a contract followed by the warranty upon the face of the paper on which the contract was written. The court said that the word "endorsed" as used in the contract was not to be understood in its literal sense.

In Vermont there is a provision in the law that the sheriff may deputize any proper person to serve a copy by endorsing thereon a special deputation. It was held that this statute did not require that the deputation should be written on the very fabric of the process itself, but that it could be written on a piece of paper attached to the back of the process by the sheriff. *Cowdery* v. *Johnson*, 15 *Atl. Rep.* 189.

We have reached the conclusion that the defendant has shown no proper defense to this action and also that there is no merit in the contention that the notice with reference to the filing of an affidavit of merits was not endorsed on the complaint.

The rule to show cause will be discharged.