177 So. 149

**WHITFIELD v. HATCH et al.**

2 Div. 104.

Supreme Court of Alabama.

Nov. 18, 1937.

Geo. Pegram, of Linden, for appellant.

40

A. W. Stewart, of Marion, and Pitts & Pitts, of Selma, for appellees.

BOULDIN, Justice.

The action was by the payee against the indorsers upon a promissory note. Defendants pleaded the statute of limitations of six years (Code 1923, § 8944).

Plaintiff interposed a replication in short by consent, estoppel in pais, and such other special replications' as could properly be filed.

In support of the replication plaintiff offered in evidence two written documents, which are set out in the report of the case.

The trial court sustained defendant's objections to each of these as legal evidence. Because of these rulings plaintiff took a nonsuit, with bill of exceptions, and 'appeals.

(1) The theory of appellant is that the instrument wherein these indorsers consented to a release of mortgage security for the same debt without working any discharge of the indorsers, thus consenting to and resulting in the release of security which ,would have been available long after the' bar of the statute, and this, followed by the letter written to and received by each of them requesting an expression as to whether they wished the payee to sue the makers or give further time, and presumably to be followed by proof that no response was made to this letter, constituted such acts and culpable silence when there was a duty to speak as lulled the payee into inactivity until after the lapse 'of six years from the maturity of the note, and so render these documents legal evidence of estoppel in pais.

"No act, promise, or acknowledgment is sufficient to remove the bar to a suit created by the provisions of this chapter, or is evidence of a new and continuing contract, except a partial payment made upon the contract by the party sought to be charged before the bar is complete, or an unconditional promise in writing, signed by the party to be charged thereby." Code § 8964.

This statute is clear and unequivocal; says what it means and means what it says. It is of long standing first appearing in the Code of 1852, § 2490. Jordan's Adm'r v. Hubbard, 26 Ala. 433, 438.

It was intended not only to clarify the law, theretofore much in confusion, touching the words or acts which would constitute such new promise, express or implied, as to intercept the running of the statute of limitations, but also to specify ·the admissible evidence.

The written consent to a release of the mortgage security, signed by defendants, executed before the note became due, does not deal with any question of extension of time of payment of the note. .

Such a purpose was not of the subject-matter. It simply bound the makers and indorsers to make payment· according to the terms of the note, notwithstanding the mortgage security was released. , It warned the holder he must look to the personal obligation of the parties, enforceable by action within the time the law provided.

The letter written by the payee to the indorsers is stripped of its function as evidence by. the express terms of the statute; a writing, signed by the party seeking to bind, not by the party sought to be bound thereby.

If this letter can be construed as appellant contends, to have any reference to an extension beyond the six-year period, the silence of the indorsers could mean no more than would a parol request.

(2) The law charged the payee with knowledge that no silence would suffice. No one can claim to have altered his position for the worse from acts or promises which the law warns him he must not depend upon. We need not prolong the discussion. The rulings of the court below were clearly correct. Lewis v. Ford, 67 Ala. 143, 146; Jasper Trust Co. v. Lamkin, 162 Ala. 388–393, 50 So. 337, 24 L.R.A.(N. S.) 1237, 136 Am.St.Rep. 33; Scott v. Ware, 64 Ala. 174, 185; Cameron v. Cameron, 95 Ala. 344, 10 So. 506; Grimball v. Mastin, 77 Ala. 553; Chapman v. Barnes, 93 Ala. 433, 9 So. 589; McLean v. First Nat'l Bank, 221 Ala. 103, 127 So. 550.

Counsel for appellant rely upon Ivey v. Hood, 202 Ala. 121, 79 So. 587. In that case an estoppel was recognized against an insistence that the two years' statutory

right of redemption had expired before such right was asserted. Whatever analogy this statute has to the statute of limitations, it is not within section 8964 of the Code. That statute, by its terms, applies to the limitations prescribed in that chapter.

The statutory right of redemption is created and defined by a wholly different chapter.

We would not be understood as saying, however, that estoppel in pais can, in no case, close the door against a plea of the statute of limitations.

The case of Ivey v. Hood, supra, is easily differentiated from the instant case, as a reading of the facts will readily disclose.

Affirmed.

ANDERSON, C. J., and GARDNER and FOSTER, JJ., concur.