191 So. 916

## HARRISON v. MASON.

### 6 Div. 585.

Supreme Court of Alabama.

Oct. 26, 1939.

Rehearing Denied Nov. 23, 1939.

Wm. Dowdell Denson and Edw. W. Mc-Donald, both of Birmingham, for petitioner.

Ritter, Wynn & Carmichael and Victor H. Smith, all of Birmingham, opposed.

THOMAS, Justice.

The facts as stated by the majority of the Court of Appeals will be taken as true.. They are thus stated: "In the instant case, there is an unqualified acknowledgment of the debt due from this defendant to this plaintiff. The declaration in the complaint is on that stated agreement. Under the decision hereinabove cited, the statute of limitations began to run on January 27, 1933, and this suit having been brought within six years from that time, the plaintiff was entitled to recover and under the evidence was entitled to the general affirmative charge."

The writing in question is as follows:

"January 27, 1933.

"It is understood and agreed that Walter F. P. Harrison owes Addie Mae Mason Seven Hundred Thirty-Five ($735.00).

"In witness hereof we set our seals sign our names while being in good health and of sound mind.

"(Signed)    W. F. P. Harrison

"Witness

"W. O. Vickery

"I agree that the above statement is true and correct.

"Addie Mae Mason."

The statute in question has remained unchanged since the Code of 1852, Section 2490, being Section 8964 of the Code of 1923, as follows: "What necessary to remove bar.—No act, promise, or acknowledgment is sufficient to remove the bar to a suit created by the provisions of this chapter, or is evidence of a new and continuing contract, except (1) a partial payment made upon the contract by the party sought to be charged before the bar is complete, or (2) an unconditional promise in writing, signed by the party to be charged thereby." [Numerals supplied.]

In Whitfield v. Hatch et al., 235 Ala. 38, 177 So. 149, 150, the following observation is made:

"This statute is clear and unequivocal; says what it means and means what it says. It is of long standing first appearing in the Code of 1852, § 2490. Jordan's Adm'r v. Hubbard, 26 Ala. 433, 438.

"It was intended not only to clarify the law, theretofore much in confusion, touching the words or acts which would constitute such new promise, express or implied, as to intercept the running of the statute of limitations, but also to specify the admissible evidence."

See Hendley v. First National Bank of Huntsville, 235 Ala. 664, 180 So. 667.

The pleadings in such cases (supported by a long line of authority) are stated as follows in 115 A.L.R. p. 779: "Although there is some authority to the contrary (as to which, see supra, III. a, heading 'Acknowledgment or new promise'), it seems generally to have been held that a plaintiff may rely on an acknowledgment or new promise to avoid a plea of the statute of limitations, under a general replication, without the necessity of a special replication, even in jurisdictions where it has been held necessary to reply other exceptions to the statute specially. This conclusion has been reached in the following cases: Alabama.— St. John v. Garrow (1835) 4 Port. 223, 29 Am.Dec. 280."

The declaration of admission of the debt or promise to pay under our statute was considered in 1856 in Evans v. Carey, 29 Ala. 99, when the court held, "that an express promise by a bankrupt to pay to the creditor a particular debt discharged in bankruptcy, will avoid the effect of such discharge, as well when the words constituting such promise are spoken to a third person, as when they are spoken to the

creditor personally, or to his agent." But the court added: "In determining whether the words of the bankrupt amounted in law to such express promise, the fact that they were spoken to a third person, and not to the creditor or to his agent, may be taken into consideration, with the other facts in evidence; for the sense of the words may best appear, from them and the cause and occasion of speaking them, considered together. And we will not say that there may not be cases, in which the question whether the words of a bankrupt amounted in law to an express promise to pay the debt to the creditor, would not turn upon the question whether they were spoken to a third person, or to the creditor." See 75 A.L.R. page 593.

In Evans v. Carey, 29 Ala. 99, Mr. Justice Goldthwaite said:

"We regard the principle too well settled, at this day, to admit of controversy, that to revive a debt barred by the statute of limitations, there must be a promise by the debtor to pay the debt. This principle was fully discussed and settled in the case of Bell v. Morrison, 1 Pet. [351], 357 (7 L.Ed. 174), which decision has been followed in most of the States—Angell on Lim. (2d Ed.) 228, 245. The promise may be either express or implied, conditional or unconditional. If implied, it can only be so by a clear and distinct recognition of the debt as an existing one; and even then, if the admission is accompanied by expressions which leave it doubtful whether the party making them was willing to waive the benefit of the statute, the law will not imply a promise in such a case. The statute is emphatically one of repose; and a just regard for its intention requires its application to every case which is not exempted from its operation, either by an express promise, or by facts which clearly imply one.

"In the present case, there is no admission of the debt."

In Chapman v. Barnes, 93 Ala. 433, 9 So. 589, 590, it is said of the statute and writing then considered:

"The letter of February 4, 1882, from Barnes to Amason, is lacking in the essentials of an unconditional promise to pay necessary to the removal of the statutory bar already perfect, in that it fails to state the amount of indebtedness, and fails to set forth a promise to pay any sum certain. Its assurance to the creditor that, 'if you need or want more, call for it without hesitation, and you shall have it,' not stating the amount due or how much 'more' would be paid on demand, does not operate as such promise as will take any sum from under the ban of the statute. * * *

"This leaves for consideration on the question whether the bar of the statute was removed by a written promise of defendant, the letters of October 15, 1882, and September 23, 1883, to Mrs. and Mr. Watrous, respectively. They are certainly not wanting in acknowledgments of the indebtedness, and are, it may be admitted, sufficiently specific as to the amount thereof. They express a desire and expectation to pay it. They evince a purpose and willingness to pay it after a time. They contain propositions looking to a settlement of it, at one time, by the conveyance of certain landed interests to the heirs of the intestate, and, at another, through the satisfaction of a claim which had been or would be asserted against the estate. But neither of these letters can be construed into an unconditional promise to pay the debt, nor into an acknowledgment of its existence, accompanied with an unequivocal expression of a willingness to presently pay it, * * * ."

This Chapman case, supra, was cited in Whitfield v. Hatch, supra, and in May et al. v. Mathers, 233 Ala. 654, 172 So. 907, 908, the Court, in the last cited case, saying:

"It has been declared by this court that an acknowledgment under section 8964 'must go the length of admitting the present existence of a debt, which the party is willing to pay' and that there is no rule which requires that its proof 'shall be different in measure, or more strict than that which is required to establish any disputed fact in a civil suit.' Strickland's Adm'r v. Walker, 37 Ala. 385.

"There is authority to the effect that 'an assignment of a particular asset to be applied to the payment of a particular debt constitutes such acknowledgment of the debt as to take it without the statute' of limitations. 37 Corpus Juris 1115, § 5941, note 83.

"The deed here in question recites a consideration of $1,050, and it is not contended that the property so conveyed was worth more than that. The evidence satisfactorily shows that there was a bona fide debt owing to the grantee, J. L. May, in an amount at least equal to the recited

500

consideration. That of itself removed the bar to that extent. * * *

"An assignment to a creditor of specific property to pay or secure a specified sum is as said in Chapman v. Barnes, 93 Ala. 433, 9 So. 589, 590, 'an acknowledgment of its existence (to that extent), accompanied with an unequivocal expression of a willingness to presently pay it, from which * * the unconditional promise required by statute might be implied.'"

The word "owes" is used in the written acknowledgment here in question. For the early application and definition of the word "owes" as employed under the statute in such instruments see Strickland's Adm'r v. Walker, 37 Ala. 385, and Ross v. Ross, 20 Ala. 105, and the later case of McDuffie et al. v. Lynchburg Shoe Co. et al., 178 Ala. 268, 59 So. 567, where in reliance upon other authorities the word "owes" is defined as meaning "obligated or bound to pay." If a person admits that he is presently obligated or bound to pay it is the equivalent of a promise to pay. The later cases are in full accord with this definition heretofore rendered by Mr. Justice Sayre. 46 Corpus Juris p. 1163, Note 12; Musselman v. Wise, 84 Ind. 248.

The foregoing is sufficient to indicate that, in our opinion, the majority view expressed by the Court of Appeals is a proper interpretation of the statute, § 8964, Code of 1923, and in accord with the trend of later decisions we have indicated as applied to the instrument above set out and the facts on which these decisions were rested. The petition for certiorari is, therefore, denied.

Writ denied.

ANDERSON, C. J., and GARDNER, BOULDIN, and FOSTER, JJ., concur.