SEE, Justice
(concurring in part and dissenting in part).
Like Justice Lyons, I concur in the holding of Part III of the main opinion' that Boutwell’s appeal was untimely, and I dissent from the holding in Part IV applying the doctrine of equitable estoppel to allow Boutwell’s appeal to proceed. I join in Justice Lyons’s writing. I write separately to express my concern with the well-intentioned departure in the main opinion from long-established and well-considered principles of equitable estoppel.
The State sought to condemn certain property owned by Boutwell. On January 26, 2004, the probate judge for Covington County signed an order condemning the property and transferring title to the property to the State, subject to the payment by the State of a total compensation award of $158,791.65. The order was recorded on January 27, 2004. A letter dated January 27, 2004, and a copy of the condemnation order were mailed to Boutwell. The letter indicated that under § 18-1A-283,[8] Bout-well had 30 days to appeal from the order. On February 25, 2004, Boutwell contacted the probate judge, who informed him that an appeal filed the following day, February 26, would be timely. Boutwell filed his notice of appeal on February 26, 2004, 31 days from the day the order was signed.
The State moved to dismiss Boutwell’s appeal on the ground that it was untimely. The circuit court concluded that Boutwell had failed to comply with the requirements of § 18-1A-283, and it dismissed the action. Boutwell appealed to the Court of Civil Appeals, which held that Boutwell’s *1028 appeal was timely and reversed the circuit court’s judgment. The State now petitions this Court to review the decision of the Court of Civil Appeals, and the main opinion of this Court, although acknowledging that the appeal was untimely, holds that under the doctrine of equitable estoppel Boutwell should be allowed to go forward with his appeal.
“ ‘The purpose of the doctrine of equitable estoppel is to promote equity and justice in an individual case by preventing a party from asserting rights under a general rule of law when his own conduct renders the assertion of such rights contrary to equity and good conscience.’ ” Robinson v. Boohaker, Schillaci & Co., 767 So.2d 1092, 1094 (Ala.2000) (quoting Pierce v. Hand, Arendall, Bedsole, Greaves & Johnston, 678 So.2d 765, 768 (Ala.1996)). In Alabama, as the September 8, 2006, opinion in this case pointed out, equitable es-toppel applies only to misrepresentations of fact, not to misrepresentations of law. See State Highway Dep’t v. Headrick Outdoor Adver., Inc., 594 So.2d 1202, 1204-05 (Ala.1992) (“ ‘[Ejquitable estoppel ... must be predicated upon the conduct, language, or the silence of the party against whom it is sought to be invoked. Said conduct, language, or silence must amount to the representation or concealment of a material fact or facts. The representation must be as to the facts and not as to the law.’ ” (quoting First Nat’l Bank of Montgomery v. United States, 176 F.Supp. 768, 772 (M.D.Ala.1959)) (emphasis omitted)).
This principle that the misrepresentation must be one of fact and not one of law is founded in the long-standing policy discussed in Dixon County v. Field, 111 U.S. 88, 92-93, 4 S.Ct. 315, 28 L.Ed. 360 (1884):
“All parties are equally bound to know the law; and a certificate reciting the actual facts, and that thereby the bonds were conformable to the law, when, judicially speaking, they are not, will not make them so, nor can it work an estop-pel upon the county to claim the protection of the law. Otherwise it would always be in the power of a municipal body, to which power was denied, to usurp the forbidden authority, by declaring that its assumption was within the law. This would be the clear exercise of legislative power, and would suppose such corporate bodies to be superior to the law itself. And the estoppel does not arise, except upon matters of fact which the corporate officers had authority by law to determine and to certify.”
Other cases, some more recent, have focused on three reasons why, for purposes of applying the doctrine of equitable estoppel, the misrepresentation must be as to the facts and not as to the law. First, all persons are presumed to know the law. See Moore v. Brown, 52 U.S. (11 How.) 414, 428, 13 L.Ed. 751 (1850) (“[A]s a general principle, every one is chargeable with a knowledge of the law in civil as well as criminal cases. This, however, is a legal presumption which every one knows has no real foundation in fact, and has been adopted because it is necessary as a general rule for the purposes of justice.”); Brown v. Richardson, 395 F.Supp. 185, 190 (D.C.Pa.1975) (“By operation of law, parties dealing with the government are charged with knowledge of, and are bound by, statutes and lawfully promulgated regulations, ... and reliance upon incorrect information received from a government agent or employee cannot alter the terms of a statute regardless of the economic hardship which may result.”); and Reform Party of Alabama v. Bennett, 18 F.Supp.2d 1342, 1354 (M.D.Ala.1998) (“In this case, where the law is clear, the Plaintiffs, like all other political parties and their candidates, are charged with knowl *1029 edge of the law and are required to comply with its terms.”).
Second, equitable estoppel cannot authorize an individual or entity to do what the individual or entity is not authorized to do. See Headrick, 594 So.2d at 1205 (“[T]his Court [has] held that neither the state [n]or its political subdivisions can be ‘estopped by doing that which they have no authority to do.’ Consequently, as this Court has held, the doctrine of estoppel may not authorize a city to do that which the city had no authority to do .... ” (quoting Ex parte Fields, 432 So.2d 1290, 1293 (Ala.1983))); and Whitfield v. Hatch, 235 Ala. 38, 40, 177 So. 149, 151 (1937) (“No one can claim to have altered his position for the worse from acts or promises which the law warns him he must not depend upon.”).
Third, allowing the law to be changed by a misrepresentation of one charged with its enforcement sets a dangerous precedent. See Reform Party of Alabama, 18 F.Supp.2d at 1353-54 (“There is another fairness consideration, which weighs against the Plaintiffs, to take into account. To allow the RPA’s candidates access to the ballot without compliance with Alabama’s election laws would interfere preju-dicially with the rights of others. Other parties, both major and minor, complied with the terms of Alabama’s election laws to obtain ballot access. To allow the RPA’s candidates access to the ballot would adversely affect the candidates of these other parties who obtained ballot access in accordance with the terms of the law. In addition, there may well be others who might have wished to gain access as minor party candidates but who, for one reason or another, in reliance on the statutory language, did not attempt to do so. To allow the RPA’s candidates access to the ballot now would be unfair to this class of potential candidates.”); and Brown, 395 F.Supp. at 189 (“Public policy demands that the mandate of the law should override any doctrine of estoppel. And no amount of misrepresentation can prevent a party, whether citizen or Government, from asserting as illegal that which the law declares to be such.”).
The main opinion applies the doctrine of equitable estoppel to a misstatement of the law. Specifically, the probate judge misstated that a notice of appeal would be considered timely filed if filed on the 31st day after an order was signed. Applying the doctrine of equitable estoppel against the State in this circumstance violates all the principles recited above. First, it allows the probate judge to change the law by misstating it, giving Boutwell 31 days in which to file his notice of appeal rather than the 30 days provided by the statute. See Dixon County, supra. Second, it presumes that Boutwell is not responsible for knowing the law and therefore allows the law to be applied differently to him than to other individuals. See Moore, supra. Third, it empowers the probate judge to do that which she is not legally empowered to do, namely, to extend the time for filing a notice of appeal. See Headrick, supra. Finally, this decision favors the individual or individuals to whom the probate judge might give such advice over those “who might have wished to [file an untimely notice of appeal] ... but who, for one reason or another, in reliance on the statutory language, did not attempt to do so.” Bennett, 18 F.Supp.2d at 1353-54.
Applying principles of equitable estoppel to revive Boutwell’s appeal in this case is contrary to established law and contrary to long-held and well-considered principles of public policy. Therefore, because I agree that Boutwell’s notice of appeal was untimely, I must respectfully dissent from the main opinion’s holding that Boutwell should be allowed to go forward with his *1030 appeal under the doctrine of equitable es-toppel.

. Section 18-1A-283 provides:
“Any of the parties may appeal from the order of condemnation to the circuit court of the county within 30 days from the making of the order of condemnation by filing in the probate court rendering that judgment a written notice of appeal, a copy of which shall be served on the opposite party or his attorney, and on such appeal, the trial shall be de novo, and it shall be necessary to send up the proceedings only as to the parties appearing or against whom an appeal is taken.”
(Emphasis added.)